IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01509-PAB-KAS

ALEX BOODROOKAS,
KYLE MONTANIO,
SARAH NAPIER,
ALEXANDRIA NICKENS,
ELOWYN FAHNESTOCK,
SPENCER PAJK,
JOIE HA,
HARRIET FALCONETTI, and
ANDREA MAESTREJUAN,

    Plaintiffs,

v.

JASON MOLLENDOR, Police Chief, in his individual capacity,
JOSHUA BODE, Corporal, in his individual capacity,
CORRIE CURRY, Officer, in his individual capacity,
JOHN GASCHLER, Officer, in his individual capacity,
LANCE MUNIZ, Detective, in his individual capacity,
JOSEPH FLAGEOLLE, Officer, in his individual capacity,
ERIC MARTINEZ, Sergeant, in his individual capacity, and
PATRICK FLAGEOLLE, Officer, in his individual capacity,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Motion to Stay Discovery** [#32] (the "Motion"). The Motion [#32] has been referred to the undersigned. *See Order Referring Motion* [#33]. Plaintiffs filed a Response [#41] and Defendants filed a Reply [#42]. The Court has reviewed the Motion [#32], Response [#41], Reply [#42], the entire case file, and the applicable case law. For the following reasons, the Court **GRANTS** the Motion [#32].

## I.  Background

This lawsuit arises from events that occurred at an on-campus protest in April 2024. *See Am. Compl.* [#20]. As a result of these events, Plaintiffs assert that Defendants, all members of the Auraria Campus Police Department, violated their First, Fourth, and Fourteenth Amendment rights. *Am. Compl*. [#20] at 2, 5-6, 40-49. Plaintiffs also assert similar claims under the Colorado constitution. *Id.* at 33-40. Defendants filed a Motion to Dismiss [#31] on August 14, 2025. *See Motion to Dismiss* [#31]. At the same time, they filed the instant Motion [#32]. Through the Motion [#32], Defendants argue a stay of all discovery in this case is warranted given their pending Motion to Dismiss [#31]. *Motion* [#32] at 1-2. Specifically, Defendants state their Motion to Dismiss [#31] raises the defense of qualified immunity with respect to all federal claims, and that issue should be adjudicated prior to proceeding to discovery. *Motion* [#32] at 3-4. In addition, they argue the *String Cheese Incident* factors[1] support a stay. *Id.* at 4-7. Plaintiffs respond that discovery should still proceed on Plaintiffs' state law claims because the defense of qualified immunity is only applicable to the federal law claims. *Response* [#41] at 3-6.

## II.  Analysis

**A.   Whether to Grant a Partial or Full Stay of Discovery, if a Stay is Granted**

Courts generally prefer to resolve questions of jurisdiction and immunity at the earliest stages of litigation to conserve the court's and the parties' time and resources. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming stay of

---

[1] *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).

discovery pending resolution of absolute immunity). "Qualified immunity, no less than absolute immunity, invokes the protection to be free from discovery: 'Until this threshold immunity question is resolved, discovery should not be allowed.'" *Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *3 (D. Colo. Sept. 13, 2023) (emphasis omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Courts in this District have recognized that "discovery should not proceed until threshold immunity questions are resolved even if not every claim or defendant raises an immunity defense." *Id.* at *5 (emphasis omitted); *see, e.g.*, *Handy v. City of Aurora*, No. 24-cv-03082-DDD-CYC, 2025 WL 1939556, at *2 (D. Colo. July 15, 2025); *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021); *Lincoln v. Maketa*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271, at *1, 3 (D. Colo. May 28, 2015). However, this approach is not uniform throughout the District. *See, e.g.*, *Taylor v. Armor Corr. Health Servs., Inc.*, No. 20-cv-01406-WJM-NYW, 2020 WL 13850254, at *4 (D. Colo. Sept. 30, 2020) (reasoning that governmental defendants could not "piggyback on the [i]ndividual [d]efendants' assertion of immunity to postpone their own discovery obligations given the distinction between the different theories of liability raised by [the] [p]laintiff").

The Court agrees, as a practical matter, that Defendants are not automatically entitled to a blanket stay of discovery merely because the defense of qualified immunity may apply only to Plaintiffs' federal claims. However, in this case, the Supreme Court's guidance in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) supports a stay of discovery on all claims, even where an immunity defense has not been raised. *See Est. of Deweese v. Hancock*, No. 24-cv-00960-DDD-NRN, 2024 WL 4333366, at *5 (D. Colo. Sept. 27, 2024)

3

("[T]he fact that certain claims may not be subject to a qualified immunity defense is not a good reason for allowing discovery to proceed in the face of a legitimate, plausible qualified immunity defense[.]"). Thus, the Court turns to analyzing the *String Cheese Incident* factors.

**B.      *String Cheese Incident* Factors**

Although the stay of proceedings in a case is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). In exercising its discretion, the Court considers the following factors: (1) the plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants by proceeding with discovery; (3) the convenience to the court; (4) nonparties' interests in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Regarding the first *String Cheese Incident* factor, the Court acknowledges that Plaintiffs have a general interest in expeditious litigation and proceeding with discovery. *See, e.g., Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). Defendants contend that Plaintiffs will suffer no prejudice because Plaintiffs seek damages for past conduct rather than injunctive relief, and there is no risk of witnesses or evidence becoming unavailable. *Motion* [#31] at 5; *Hancock*,

4

2024 WL 4333366, at *4 (finding a threat of loss "less serious" where facts of the case were documented by body cameras, law enforcement officers, and third-party videos and the alleged events occurred over a "relatively short period of time"). Plaintiffs argue the opposite. *Response* [#41] at 7-8. The Court finds Plaintiffs' interest in proceeding with discovery weighs against a stay.

Regarding the second *String Cheese Incident* factor, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action, and this is even more true when, as here, the preliminary motion raises the issue of immunity. *See Casias v. City of Pueblo*, No. 20-cv-02545-WJM-KMT, 2021 WL 11449170, at *1 (D. Colo. Mar. 10, 2021) (qualified immunity). Importantly, qualified immunity is not merely a defense to liability, it is a limited "entitlement not to stand trial or face the other burdens of litigation," including discovery. *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Should the District Judge grant the Motion to Dismiss [#31], he may likely refuse to exercise supplemental jurisdiction over the remaining state law claims and dismiss the case in its entirety. Defendants would undoubtedly be prejudiced if they were forced to engage in discovery if their Motion to Dismiss [#31] is ultimately granted. *String Cheese Incident*, 2006 WL 894955, at *2. Therefore, the Court finds that the second factor weighs in favor of a stay.

The third *String Cheese Incident* factor, convenience to the Court, also weighs in favor of a stay. The Court recognizes that it is "inconvenienced by an *ill-advised stay* because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable." *McGinn v. El Paso Cnty., Colo.*, 640 F. Supp. 3d. 1070, 1076 (D. Colo. Nov. 14, 2022) (quoting *Lester v. Gene Express, Inc.,* No. 09-cv-02648-

5

REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010)) (emphasis added). However, "every motion to stay comes with different considerations[.]" *Id.* Where "the pending motion to dismiss may result in the resolution of this case in its entirety, . . . a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019). Here, the state law claims largely mirror the federal claims. As such, if only a partial stay were granted, "it would be particularly difficult to distinguish between discovery related to claims that may be subject to [ ] immunity, and those that are not." *See Thompson v. Williams*, No. 21-cv-00602-RM-KMT, 2021 WL 4748663, at *6 (D. Colo. Oct. 12, 2021). Ultimately, because resolution of the Motion to Dismiss [#31] may result in the entirety of this case being dismissed, the Court finds this factor weighs in favor of a stay.

Regarding the fourth *String Cheese Incident* factor, the interests of nonparties, Plaintiffs assert "the interests of specific non-parties are neutral" and Defendants argue there are "[n]o identified non-parties with significant particularized interests in this case[.]" *Response* [#41] at 9; *Motion* [#32] at 6. Accordingly, the fourth *String Cheese Incident* factor weighs neither in favor of nor against staying discovery.

Finally, with respect to the fifth and final *String Cheese Incident* factor, "there is a general public interest in the speedy resolution of legal disputes" but "there is also a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed*, 2019 WL 11690136, at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL

6

5184699, at *2 (D. Colo. Dec. 22, 2009)). Defendants argue a stay will promote the public's interest to avoid wasting judicial time and resources because Defendants are represented by the Colorado Department of Law, which relies on public funding. *Motion* [#32] at 6-7. Plaintiffs contend that the state-wide and national media attention surrounding this case represents a significant public interest. *Response* [#41] at 9-10. While litigation is "necessary to ensure that officials comply with the law, [it] exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Iqbal*, 556 U.S. at 685. In general, "[t]he public has a strong interest . . . [in] [a]voiding wasteful efforts by the court and litigants[.]" *Colo. Access v. Atl. Specialty Ins. Co.*, No. 21-cv-02913-NYW, 2022 WL 3716518, at *4 (D. Colo. Aug. 29, 2022) (internal quotation marks and citations omitted). Because a ruling on the qualified immunity issue may entirely resolve this case, this factor weighs in favor of a stay.

Having balanced all five factors, the Court finds that a stay of discovery pending resolution of the Defendants' Motion to Dismiss [#31] is warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#32] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** pending resolution of the Defendants' Motion to Dismiss [#31].

IT IS FURTHER **ORDERED** that, within **14 days of any order on the Motion to Dismiss [#31] that does not fully dispose of the case**, the parties shall file a joint status report with proposals for any necessary modifications to the current case deadlines.

Dated: November 12, 2025                              BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge